UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GLORIA MARKLE<br>15300 Rockside Road<br>Maple Heights, Ohio 44137<br><br>On behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>SPECTRUM HOME HEALTH CARE, LLC<br>c/o Statutory Agent Mohamed Abdillahi<br>2888 Andover Circle<br>Willoughby Hills, Ohio 44092<br><br>and<br><br>MOHAMED ABDILLAHI<br>2888 Andover Circle<br>Willoughby Hills, Ohio 44092<br><br>        Defendants. | CASE NO.:<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW** |

Plaintiff Gloria Markle, by and through undersigned counsel, respectfully files this Class and Collective Action Complaint against Defendants Spectrum Home Health Care, LLC ("Spectrum") and Mohamed Abdillahi.

## INTRODUCTION

1. This case challenges practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, Ohio Constitution

art. II, § 34a, Ohio's overtime compensation statute Ohio Rev. Code Ann. § 4111.03, and Ohio's Prompt Pay Act § 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually related claims under Ohio law (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Gloria Markle was a citizen of the United States and a resident of Cuyahoga County, Ohio.

8. Defendant Spectrum Home Health Care, LLC is an Ohio corporation with its principal office at 2800 Euclid Ave., Suite 509, Cleveland, Ohio 44115. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Mohamed Abdillahi, 2888 Andover Circle, Willoughby Hills, Ohio 44092.

9. At all times relevant, Defendant Mohamed Abdillahi was a resident of this judicial district and an owner, operator, and principal manager of Spectrum.

## FACTUAL ALLEGATIONS

### Defendants' Business and Employment of Plaintiff, the Potential Opt-Ins, and Class Members

10. Defendants provide home healthcare services to patients throughout Northeast Ohio.

11. Defendants employed Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class as non-exempt home health care aides ("HHAs").

12. Plaintiff Gloria Markle worked for Defendants as a non-exempt HHA from April 26, 2020 through early February 2022.

13. Nearly all of her services were provided to patients in their homes within Cuyahoga County.

14. Defendant Spectrum was an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

3

Spectrum was the W-2 employer of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members

15. Defendant Mohamed Abdillahi was an "employer" pursuant to 29 U.S.C. § 203(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members. As the owner, operator, and principal manager of Spectrum, Defendant Mohamed Abdillahi had operational control over significant aspects of the Spectrum's operations and day-to-day functions.

16. Specifically, Defendant Abdillahi instituted and knowingly ratified all unlawful pay practices of Spectrum described herein.

17. Department of Labor regulations provide that employees may work simultaneously for two or more "joint employers." 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id*. Joint employers "are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions." *Id*.

18. Defendants were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

19. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendants' gross sales exceeds $500,000 annually.

20. At all times relevant, Defendants employed individuals engaged in interstate commerce and individuals that, as part of the home health industry, regularly handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

### **Defendants' Failure to Pay Required Compensation**

21. The FLSA and Ohio law require that non-exempt employees be overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

22. Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class frequently worked more than forty hours in a single workweek, entitling them to overtime compensation under the FLSA and Ohio law.

23. Defendants routinely failed to pay them overtime compensation at the required rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek.

24. Defendants utilized several methods and devices to miscalculate employees' compensation and either underpay, or avoid entirely, the statutorily required overtime compensation. Significantly, although the methods utilized by Defendants varied, all had the common objective and effect of circumventing proper overtime compensation, and all are provable by examining the affected employees' timekeeping and payroll data.

**Defendants Unlawfully Paid Overtime Hours at Straight-Time**

25. In some instances, Defendants simply paid employees at their base hourly rate for overtime hours. This violated the requirement of the FLSA and Ohio law that non-exempt employees be paid at one and one-half times their regular rate for all hours over forty hours in a workweek. 29 U.S.C. § 207; Ohio Rev. Code Ann. § 4111.03.

26. Gloria Markle's October 2, 2020 pay advice illustrates this practice. During the pay period September 12 to September 25, 2020, Markle's base hourly rate was $10.00.

27. Markle worked 88 hours during that pay period, meaning that one or both workweeks must have included overtime hours (i.e., hours over 40). Yet, her pay stub shows that all of her 88 hours were paid at her base rate of $10.00:

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Gloria Markle | | Hourly | 88.00 | 10.0000 | 880.00 | 652.00 | 6526.00 |
| 15300 RockSide Rd | | Overtime | | | | 93.00 | 1395.00 |
| Maple Heights, OH  44137 | | Covid Sick-EE | | | | 80.00 | 800.00 |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 989755 | | Covid Sick-Fam | | | | 80.00 | 800.00 |
| Home Department: 2 Cleveland | | Total Hours | 88.00 | | | 905.00 | |
| | | Gross Earnings | | | 880.00 | | 9521.00 |
| Pay Period: 09/12/20 to 09/25/20 | | Total Hrs Worked | 88.00 | | | | |
| Check Date: 10/02/20    Check #: 2679 | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |

**Defendants Failed to Pay a Weighted Overtime Average**

28. Other weeks, Defendants underpaid their employees' earned overtime compensation by failing to pay employees earning two or more hourly rates during a workweek an overtime rate determined by taking the weighted average of those pay rates.

29. Department of Labor regulations dictate that, "[w]here an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been

6

established, his regular rate for that week is the weighted average of such rates." 29 CFR § 778.115.

30. Thus, to determine an employee's regular rate of pay in such a week, the employer must take "his total earnings… from all such rates, and… then divide[] by the total number of hours worked at all jobs." 29 CFR § 778.115.

31. The employee's overtime rate is then calculated by multiplying that regular rate of pay by 1.5.

32. Here, Defendants routinely shorted employees overtime pay by, in weeks where two different hourly rates were earned, uniformly taking their employees' lowest hourly wage earned during that week and basing the employee's overtime rate on that lowest wage alone – i.e., without averaging in the compensation earned at a higher rate.

33. Gloria Markle's pay advices dated September 18, 2020 and December 10, 2021 illustrate this practice:

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Gloria Markle | | Hourly | 77.00 | 10.0000 | 770.00 | 564.00 | 5646.00 |
| 15300 RockSide Rd | | Hourly | 3.00 | 12.0000 | 36.00 | | |
| Maple Heights, OH 44137 | | Overtime | 27.00 | 15.0000 | 405.00 | 93.00 | 1395.00 |
| Soc Sec #: xxx-xx-xxxx  Employee ID: 989755 | | Covid Sick-EE | | | | 80.00 | 800.00 |
| Home Department: 2 Cleveland | | Covid Sick-Fam | | | | 80.00 | 800.00 |
| | | Total Hours | 107.00 | | | 817.00 | |
| Pay Period: 08/29/20 to 09/11/20 | | Gross Earnings | | | 1211.00 | | 8641.00 |
| Check Date: 09/18/20  Check #: 2526 | | Total Hrs Worked | 107.00 | | | | |

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Gloria Markle | | Hourly | 74.00 | 11.0000 | 814.00 | 1963.75 | 20469.45 |
| 15300 RockSide Rd | | Hourly | 6.00 | 12.0000 | 72.00 | | |
| Maple Heights, OH 44137 | | Overtime | 2.00 | 16.5000 | 33.00 | 466.00 | 7322.40 |
| Soc Sec #: xxx-xx-xxxx  Employee ID: 989755 | | Bonus | | | | | 65.00 |
| Home Department: 2 Cleveland | | Total Hours | 82.00 | | | 2429.75 | |
| | | Gross Earnings | | | 919.00 | | 27856.85 |
| Pay Period: 11/20/21 to 12/03/21 | | Total Hrs Worked | 82.00 | | | | |
| Check Date: 12/10/21  Check #: 6795 | WITHHOLDINGS | DESCRIPTION | FILING STATUS | | THIS PERIOD ($) | | YTD ($) |

7

## Defendants Failed to Include All Remuneration Paid to Employees in Calculating Their Regular Rate of Pay

30. Plaintiff, the Potential Opt-Ins, and all members of the Ohio Class received various types of compensation in addition to their regularly hourly rate, including, but not limited to, bonuses for picking up extra shifts.

34. Such additional compensation must be included in calculating an employee's regular rate of pay. Defendants' engaged in a pattern, practice, or policy of violating the FLSA with respect to Plaintiff by failing to include these non-excludable forms of payment in calculating Plaintiff's regular rate of pay under 29 U.S.C. § 207 and O.R.C. § 4111.03.

35. For instance, Gloria Markle's December 11, 2020 pay advice illustrates Defendants' failure to include a non-discretionary bonus in her regular rate of pay when calculating her overtime rate for that period:

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Gloria Markle | | Hourly | 80.00 | 10.0000 | 800.00 | 972.00 | 9726.00 |
| 15300 RockSide Rd | | Overtime | 6.00 | 15.0000 | 90.00 | 116.00 | 1740.00 |
| Maple Heights, OH 44137 | | Bonus | | | 20.00 | | 71.25 |
| Soc Sec #: xxx-xx-xxxx Employee ID: 989755 | | Covid ChildCare | | | | 75.00 | 750.00 |
| Home Department: 2 Cleveland | | Covid Sick-EE | | | | 80.00 | 800.00 |
| | | Covid Sick-Fam | | | | 80.00 | 800.00 |
| Pay Period: 11/21/20 to 12/04/20 | | Total Hours | 86.00 | | | 1323.00 | |
| Check Date: 12/11/20 Check #: 3455 | | Gross Earnings | | | 910.00 | | 13887.25 |
| NET PAY ALLOCATIONS | | Total Hrs Worked | 86.00 | | | | |

## Willfulness of Defendants' Violations

36. Defendants knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to be paid overtime compensation for all hours worked over forty per week at a rate of one and one-half times their regular rate under federal and state law or acted in reckless disregard for whether they were so entitled.

8

37. Defendants utilized multiple methods to achieve a common objective and effect—that of underpaying, or avoiding entirely, the payment of proper overtime compensation. Defendants' course and pattern of conduct in devising and implementing those various methods demonstrates a knowing and willful intent to violate the law.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

40. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All non-exempt home health aides working for Defendants in Ohio during the period three years preceding the commencement of this action to the present.

41. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to Defendants' unlawful pay practices, all were injured by those practices, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

42. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-

authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

43. Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that they consist of over one-hundred persons. Such persons are readily identifiable through the records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this case on behalf of herself and other members of a proposed Ohio Class, defined as:

> All non-exempt home health aides working for Defendants in Ohio during the period two years preceding the commencement of this action to the present.

46. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiff cannot yet state the exact number of Class Members but avers, upon information and belief, that they consist of over one-hundred persons. The number of Class Members as well as their identities are ascertainable from records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

47. There are questions of law or fact common to the Ohio Class, including but not limited to whether Defendants paid Plaintiff and other Class Members at time-and-

10

a-half their regular rate of pay for all hours over forty hours per workweek and, if not, whether Defendants failed to do so willfully.

48. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other Class Members.

49. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

50. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole and predominate over any questions affecting only individual class members.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached hereto.

54. The FLSA required Defendants to pay overtime compensation at a rate of one and one-half times employees' "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

55. Defendants failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek at a rate of one and one-half times employees' regular rate of pay. As more fully described above, Defendants utilized various methods and devices to avoid paying proper overtime compensation.

56. By engaging in these practices, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

57. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated

damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

<h3 style="text-align:center">COUNT TWO<br>(Ohio Overtime Violations)</h3>

58. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

60. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

61. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members at one and one-half times their regular rate.

62. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

63. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Record-Keeping Violations)

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. The OMFWA required Defendants to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

66. Defendants violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of its professionals and other employee's time.

67. As a result of Defendants' record-keeping violations, Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were injured in that Defendants does not have accurate and complete records of their working hours.

## COUNT FOUR
### (Declaratory Judgment)

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

70. Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, Plaintiff and other class members have a justiciable controversy with Defendants.

71. A declaratory judgment will aid in determining the rights and obligations of the parties.

14

72. Plaintiff asks the Court to declare, among other appropriate declarations, that Defendant's practice of paying overtime compensation to Plaintiff and other class members at rates less than one and one-half times their regular rate violates the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award declaratory relief in favor of Plaintiff and other class members as herein requested;

E. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount; and

F. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

    Respectfully submitted,

    */s/ Scott D. Perlmuter*
    Scott D. Perlmuter (0082856)
    Kathleen Harris (0088079)
    **Tittle & Perlmuter**
    4106 Bridge Avenue
    Cleveland, Ohio 44113

P: 216-308-1522
F: 888-604-9299
E: scott@tittlelawfirm.com
katie@tittlelawfirm.com

Attorneys for Plaintiff Gloria Markle

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)